## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BELINDA POWELL, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No.  3:17-CV-1726-K-BH |
| | § | |
| AKIN GUMP STRAUSS HAUER | § | |
| FELD LLP AND CONNIE | § | |
| CHRISTENSEN | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.  Before the Court are *Defendant Akin Gump Strauss Hauer Feld LLP's Partial Motion to Dismiss Plaintiff's First Amended Complaint*, filed November 21, 2017 (doc. 21), and *Defendant Connie Christensen's Rule 12(b)(6) Motion to Dismiss the Claims Against her in Plaintiff's First Amended Complaint and Brief in Support*, filed December 13, 2017 (doc. 29).  Based on the relevant filings and applicable law, Akin Gump Strauss Hauer Feld LLP's motion should be **DENIED in part** and **GRANTED in part**, and Connie Christensen's motion should be **GRANTED**.

## I. BACKGROUND

Belinda Powell (Plaintiff) sues her former employer, Akin Gump Strauss Hauer Feld LLP (Law Firm), and a coworker, Connie Christensen (Coworker), alleging employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), and wage discrimination under the Equal Pay Act of 1963 (EPA).  (doc. 3; doc. 20.)  She also asserts state law claims under the Texas Commission on Human Rights Act (TCHRA), Tex. Lab. Code  §§ 21.055–21.056, for aiding and

abetting discrimination, and retaliatory discharge against Law Firm. (*See* doc. 20 at 10-11.)[1] She seeks actual damages, including back pay, compensatory damages, punitive damages, and injunctive relief. (*Id*. at 11-12.)

Plaintiff originally worked for Law Firm from 1998 through 2000, and she was rehired in 2012. (*Id*. at 2, 43.) In August 2014, she was recruited from the Intellectual Property section "to work for the head of the Corporate Section and most recently transitioned Partner in charge" as a legal secretary. (*Id*. at 3, 43.) She has "approximately thirty (30) years of experience in the legal industry" and a degree in business management, has "consistently received commendable performance reviews," and has "proved to be an excellent, professional, hardworking[,] and dedicated employee for [Law Firm]." (*Id*. at 2-3.) She also "took on many assignments outside of her assigned responsibilities, assisting in periods of transition for various attorneys . . . until new hires were secured." (*Id*. at 3.)

In January 2016, Plaintiff was asked to take on two additional Intellectual Property partners even though she had been recruited and promoted from that section into the Corporate section, and she agreed to do so. (*Id*. at 3-4.) While discussing the reasons for the reassignments, Coworker informed Plaintiff that Law Firm was conducting an internal investigation regarding claims of impropriety and/or sexual harassment. (*Id*. at 4.) Plaintiff reported the incident to the local Human Resources (HR) manager. (*Id*. at 4, 5.) Subsequently, Coworker began making racial comments, including one about her "'fond memories of the time when there were white only fountains' in Oak Cliff . . . ." (*Id*. at 4, 43.) Plaintiff was told that Coworker had engaged in that type of behavior before, and Law Firm had previously temporarily relocated Coworker to another office. (*Id*. at 4.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

In early June 2016, Plaintiff "discovered that Caucasian legal secretaries without university or college degrees were paid significantly higher salaries than Plaintiff, who is an African American and holds a degree." (*Id*. at 5, 43.) She alleges that although Law Firm has an equal employment opportunity policy for benefits, privileges of compensation, and advancement opportunities, it "does not fairly promote this policy." (*Id*. at 5.) She met with the local HR manager to discuss her salary, who told her that "matters regarding compensation, bonus, benefits, and the like" were handled in another office, but "she would speak with the appropriate contact on Plaintiff's behalf regarding said compensation discrepancy." (*Id*.) Plaintiff provided the manager with information regarding her concerns and was assured that if her salary was not on par with her counterparts, she would attempt to assist her in adjusting her salary. (*Id*. at 5-6.) The HR manager stated that she would report back to Plaintiff within a week, but Plaintiff never heard back from her. (*Id.* at 6, 43.)

In late October 2016, Plaintiff alleges that Law Firm placed a hold on her payroll deposit "for no reason other than to harass and inconvenience [her]." (*Id*. at 7.) Other employees apparently received their deposits, but Plaintiff was informed by her bank that Law Firm had placed a hold on depositing her funds, although Law Firm denied doing so. (*Id*.) She did not receive her deposit for an additional three days. (*Id*.)

Plaintiff again met with the local HR manager to discuss the salary variance in November 2016, and she subsequently "began receiving more adverse treatment." (*Id*. at 6.) She noticed that her computer was being "'accessed and monitored,'" and she was unable to access the document management system in order to efficiently complete her work assignments. (*Id.*) HR also "began harassing Plaintiff with regards to the reporting of her time cards." (*Id.*) At a secretarial meeting on December 7, 2016, the secretaries were informed that it would be grounds for termination for

anyone to discuss their salary or bonus information.  (*Id*. at 6, 43.)  Plaintiff did not receive a new computer until January 2017, and was still unable to access the document management system. (*Id*.)  She was also allegedly given separate instructions that were not being given to the other legal secretaries.  (*Id*. at 7.)

Plaintiff met with an Equal Employment Opportunity Commission (EEOC) agent in January 2017 "to file an action against [Law Firm]."  (*Id*. at 8.)  She received a list of attorneys from the EEOC agent to help pursue her claims, and she retained counsel.  (*Id*. at 8-9.)  On February 10, 2017, her attorney sent Law Firm a letter regarding her complaints.  (*Id*. at 43.)  Law Firm's HR director subsequently coordinated a meeting with her regarding an investigation into her claims against Law Firm and Coworker and met with her outside the presence of her counsel.  (*Id*. at 9.)  The director stated he would continue his investigation and follow-up with Plaintiff, but she did not receive any further communication regarding the investigation.  (*Id*.)

Plaintiff "began receiving adverse treatment" from the administration as well as other employees.  (*Id*. at 9.)  Her work was assigned to other secretaries, and other employees and staff began avoiding her and stopped speaking to her.  (*Id*. at 9-10, 43-44.)

On March 21, 2017, Plaintiff's counsel filed a charge of discrimination with the Civil Rights Division of the Texas Workforce Commission and the EEOC.  (*Id*. at 9, 42-44.)  It alleged discrimination based on race and color and retaliation as well as violations of the Texas Labor Code beginning in March 2016, and continuing through the filing of the charge.  (*Id*. at 43.)  After terminating the services of her attorney, Plaintiff filed this action on June 29, 2017.  (*See* doc. 3.)

Plaintiff submitted a request for leave in August 2017, which was approved by HR.  (doc. 20 at 11.)  Two days after she returned to work, on September 12, 2017, she was terminated.  (*Id*.)

Plaintiff amended her complaint on November 7, 2017, and on November 21, 2017, Law Firm filed its partial motion to dismiss Plaintiff's EPA claim and retaliatory discharge claim under the TCHRA, as well as her Title VII claim against Coworker. (docs. 20; 21 at 1-2.) On December 13, 2017, Coworker moved to dismiss Plaintiff's Title VII claim against her. (doc. 29 at 1-3.) Both motions are ripe for recommendation.

## II. 12(b)(1)

Law Firm moves to dismiss Plaintiff's retaliatory discharge claim under the TCHRA for failure to exhaust administrative remedies. (doc. 21 at 1, 4-5.)[2]

### A. <u>Legal Standard</u>

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S.

---

[2] Although Law Firm moves to dismiss this claim under Rule 12(b)(6), the TCHRA's exhaustion requirement is both "mandatory and jurisdictional." *See Ajayi v. Walgreen Co.*, 562 F. App'x. 243, 245 (5th Cir. 2014) (per curiam) (citing *Jones v. Grinnell Corp.*, 235 F.3d 972, 974–75 (5th Cir. 2001); *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004); *Williams v. Merck & Co.*, 381 F. App'x 438, 444 (5th Cir. 2010)); *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996); *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991), *overruled on other grounds by In re United Servs. Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010). This argument is therefore properly addressed under Rule 12(b)(1). *See Alviar v. Macy's Inc.*, No. 3:16-CV-1633-D, 2017 WL 4698449, at *2–3 (N.D. Tex. Oct. 19, 2017) (addressing failure to exhaust administrative remedies under the TCHRA under Rule 12(b)(1)).

500, 506 (2006).  A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction."  *Id*.  Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."  *Id*.

A district court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc).  A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject-matter jurisdiction.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998).  If sufficient, those allegations alone provide jurisdiction.  *Id*.  Facial attacks are usually made early in the proceedings.  *Id*.  "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true.  *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998) (citations omitted).

If the defendant supports the motion with evidence, however, then the attack is "factual" and

"no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413.  A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, because Law Firm relies on Plaintiff's amended complaint, it presents a facial attack that does not require the Court to resolve matters outside the pleadings. *See Bridgewater v. Double Diamond–Delaware, Inc.*, No. 3:09–CV–1758–B, 2010 WL 1875617, at *5 (N.D. Tex. May 10, 2010); *Lester v. Lester*, No. 3:06-CV-1357-BH, 2009 WL 3573530, at *4 (N.D. Tex. Oct. 29, 2009).

## B.    Exhaustion

Law Firm argues Plaintiff failed to exhaust her administrative remedies as to her retaliatory discharge claim under the TCHRA because she did not file "a new, separate [c]harge of [d]iscrimination."  (doc. 21 at 1-2, 4-5.)  She responds that she alleged retaliation in her charge of discrimination, and her "claims of retaliatory acts are still at issue before this Court."  (doc. 27 at 6.)

Before an individual can pursue a claim under the TCHRA, she must exhaust her administrative remedies by filing "an administrative complaint with the civil rights division of the Texas Workforce Commission." *ATI Enters., Inc. v. Din*, 413 S.W.3d 247, 251 (Tex. App.—Dallas 2013, no pet.); *see also* Tex. Lab. Code §§ 21.201–21.202.  An administrative charge must be filed within 180 days after the date the alleged unlawful employment practice occurred.  Tex. Lab. Code § 21.202(a).  This 180–day limitations period is both mandatory and jurisdictional, and begins when

the employee is informed of the allegedly unlawful decision.  *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).  When an employee fails to exhaust her administrative remedies with respect to a claim under the TCHRA, dismissal is appropriate.  *Alviar*, 2017 WL 4698449, at *6; *see Ashcroft v. HEPC–Anatole, Inc.*, 244 S.W.3d 649, 650–51 (Tex. App.—Dallas 2008, no pet.) (affirming dismissal where plaintiff did not file a charge within 180-days of her termination).

If a retaliation claim grows out of an earlier charge, however, it is "unnecessary for a plaintiff to exhaust administrative remedies prior to urging [that] retaliation claim" in the Fifth Circuit. *Gupta v. East Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981).  "Under *Gupta*, retaliation that occurs as a result of filing [a charge] can be included in a [TCHRA] case in district court without filing a new charge."  *Smith v. Dallas Cnty. Hosp. Dist.*, No. 3:13-CV-0792-G (BN), 2014 WL 645248, at *4 (N.D. Tex. Feb. 19, 2014) (citing *Gupta*, 654 F.2d at 414).

Law Firm argues that this exception to the exhaustion requirement does not apply in light of the Supreme Court's decision in *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002).  (doc. 21 at 4-5.)  In *Morgan*, the Supreme Court interpreted "unlawful employment practice" to mean "a discrete act of single 'occurrence,' even where it has a connection to other acts." 536 U.S. at 111.  It concluded that "[t]here is simply no indication that the term 'practice' converts related discrete acts into a single unlawful practice for the purposes of timely filing."  *Id.*[3] Law Firm notes that courts outside the Fifth Circuit have interpreted *Morgan* to require a new charge of discrimination for a retaliatory discharge claim because it is a "discrete act."  (*See id.* at 5 (citing

---

[3] As recognized in this district, this holding does not require a plaintiff to file a charge for each discrete act; it "holds that discrete acts are separate actionable unlawful employment practices for the purposes of determining *when* the plaintiff must file a charge . . . ."  *Stevenson v. Verizon Wireless (VAW) LLC*, No. 3:08-CV-0168-G, 2009 WL 129466, at *5 (N.D. Tex. Jan. 16, 2009) (emphasis in original).

cases).)

As Law Firm concedes, the Fifth Circuit has not adopted this interpretation of *Morgan*. (*Id.* at 5 n.1.) "Until the Supreme Court or Fifth Circuit reassess the holding of *Gupta*, this court is bound to follow it." *Stevenson*, 2009 WL 129466, at *5. Although the Fifth Circuit has noted "that *Gupta* may no longer be applicable after the Supreme Court's decision in *Morgan*," it has not yet reconsidered *Gupta* in light of *Morgan. Simmons–Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 273 n.1 (5th Cir. 2013). Accordingly, "it remains the law of the Circuit that a claim alleging retaliation for the filing of an earlier EEOC charge need not be separately exhausted." *Taylor v. Tex. S. Univ.*, No. 4:12–CV–1975, 2013 WL 5410073, at *5 n.4 (S.D. Tex. Sept. 25, 2013).

Here, Plaintiff filed a charge alleging discrimination based on race and color, retaliation, and violation of the Texas Labor Code on March 21, 2017. (doc. 20 at 43-44.) Her amended complaint alleges that Law Firm violated the TCHRA "by retaliating against [her] for opposing the discriminatory actions," and that she was terminated two days after returning from leave. (*Id.* at 11.) Her response asserts that she was "demoted and subjected to an even more hostile work environment" as a result of filing her charge of discrimination. (doc. 27 at 6.) Because Plaintiff is alleging retaliation that grows out of her earlier charge, she was not required to file a new charge of discrimination regarding that retaliation. *See Gupta*, 654 F.2d at 414.

Law Firm's motion to dismiss Plaintiff's claim for retaliatory discharge under the TCHRA for failure to exhaust administrative remedies should be denied. *See Smith*, 2014 WL 645248, at *4 (applying *Gupta* to deny a motion to dismiss for failure to exhaust administrative remedies).

### III. 12(b)(6)

Law Firm moves to dismiss Plaintiff's EPA wage discrimination claim against it, and both

9

Law Firm and Coworker move to dismiss Plaintiff's Title VII discrimination claim against Coworker under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (doc. 21 at 1, 3-6; doc. 29 at 1-3.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."

*Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion.  *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *see Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008).  However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Similarly, documents attached to a motion to dismiss or to a response to a motion to dismiss "are considered part of the pleadings, if

11

they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *see Walch*, 533 F.3d at 293–94 (finding that reliance on documents attached to a response to a motion to dismiss was appropriate where the documents were "sufficiently referenced in the complaint"). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Here, Plaintiff attached documents to her complaint, including copies of emails between her and other employees that worked at Law Firm, Law Firm's employee manual, an attorney referral list, a letter from her former counsel to the EEOC, and her charge of discrimination. (doc. 20 at 13-44.) Because these documents are attached to her complaint, they are considered part of the pleadings. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins*, 224 F.3d at 498. It is therefore unnecessary to convert the defendants' motions to dismiss into summary judgment motions.[4]

## A.    **Law Firm**

Law Firm moves to dismiss Plaintiff's wage discrimination claim under the EPA "because that statute only prohibits wage discrimination on the basis of <u>sex</u>, and [Plaintiff] explicitly and

---

[4] Plaintiff also attached a printout from the EEOC's website regarding equal pay and compensation discrimination claims to her response to Law Firm's motion to dismiss to support her argument that "any individual alleging a wage discrimination violation may go directly to court." (doc. 27 at 6, 11.) Because it is not attached to her complaint or central to her claims, it may not be considered as part of the pleadings. Notably, this document does not relate to any issues raised in the motion, so failure to consider it does not affect the recommendation concerning the motions.

exclusively alleges wage discrimination on the basis of <u>race</u>." (doc. 21 at 1 (emphasis in original).)

The EPA prohibits an employer from discriminating "between employees on the basis of *sex* by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work . . . ." 29 U.S.C. § 206(d)(1) (emphasis added). "To establish a *prima facie* case under the [EPA], a plaintiff must show that '(1) her employer is subject to the act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison.'" *Fields v. Stephen F. Austin State Univ.*, 611 F. App'x 830, 831–32 (5th Cir. 2015) (quoting *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993)).

In her amended complaint, Plaintiff only alleges wage discrimination on the basis of race. (*See* doc. 20 at 1, 5-6, 10.)  She specifically states that she received unequal pay "based upon her race and for no other reason."  (*Id*. at 10.)  The EPA "is designed to redress sex discrimination, not race discrimination," however.  *Rhone v. Texas Dept. of Transp.*, No. 3:96-CV-1147-BC, 1997 WL 560770, at *10 (N.D. Tex. Aug. 29, 1997); *see Edwards v. Smitty's Supply, Inc.*, No. 15-3223, 2016 WL 3667361, at *8 (E.D. La. July 11, 2016) (citing cases) ("As a matter of law, the Equal Pay Act does not apply to claims of race discrimination."); *Holiday v. City of Dallas, Texas*, No. 3:98CV-2622D, 1999 WL 58220, at *1 (N.D. Tex. Feb. 2, 1999) (finding that the EPA does not apply to claims of race discrimination).  Because Plaintiff's wage discrimination claim under the EPA is based only on race, it should be dismissed for failure to state a claim.  *See Edwards*, 2016 WL 3667361, at *8 (dismissing EPA claim under Rule 12(b)(6)); *Holiday*, 1999 WL 58220, at *1

(granting partial motion to dismiss EPA claim under Rule 12(b)(6)).[5]

**B.   Coworker**

Law Firm and Coworker assert that Plaintiff's claims against her should be dismissed "because Title VII only provides a right of action against employers, not coworkers." (doc. 21 at 1, 3-6; doc. 29 at 1.)

Title VII imposes liability upon employers who violate its provisions. *Harvey v. Blake*, 913 F.2d 226, 227–28 (5th Cir. 1990). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Congress defined the term "employer" in Title VII to include "any agent" of an employer in order to incorporate respondeat superior liability. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (citing 42 U.S.C. § 2000e(b)). Title VII actions may therefore be brought against the "employer" or a supervisor or agent of the employer in his official capacity. *Lewis v. Hardy*, 248 F. App'x 589, 592–93 (5th Cir. 2007) (per curiam) (citing *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir.1998)); *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00–CV–0913–D, 2000 WL 34226872, at *2 (N.D. Tex. July 14, 2000) (Title VII liability extends

---

[5] In her response to Law Firm's motion to dismiss her wage discrimination claim under the EPA, Plaintiff states for the first time that sex discrimination was not specified at the time she filed her complaint, "not because it [does not] apply, but . . . because [Law Firm] . . . offered a voluntary separation package to ***secretaries only***." (doc. 27 at 3 (emphasis in original).) She also asserts that at the time of her claim, the "secretarial staff consisted of a Caucasian male legal secretary . . . ." (*Id.*) These new allegations in her response are not considered part of the pleadings to be considered for purposes of the motion to dismiss. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, at *4 n.3 (N.D. Tex. Aug. 15, 2014). Nevertheless, the *pro se* response may be liberally construed as a request for leave to amend her complaint. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings). Even if Plaintiff's response is liberally construed as a motion for leave to amend her complaint to add these allegations, her EPA claim is still subject to dismissal because she still only alleges wage discrimination on the basis of race.

only to employers and defendants in their official capacities).  A Title VII suit against an agent of an employer in an official capacity is actually a suit against the employer.  *Indest*, 164 F.3d at 262. Because the employer ultimately bears responsibility for the liability of an agent through Title VII's incorporation of respondeat superior liability, an action against both the employer and the agent would be redundant in that the employer could be held liable twice for the same act.  *Id*.  A plaintiff may therefore not maintain a Title VII suit against both an employer and its agent.  *Id*. Regardless of whether a plaintiff sues an agent in an official or individual capacity, Title VII does not provide for individual liability against the agent.  *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 (5th Cir. 2002).

Here, Plaintiff asserts that Coworker committed race discrimination in violation of Title VII. (doc. 20 at 1.)  Because Coworker is an agent of Plaintiff's employer, a Title VII claim against her is not cognizable under Fifth Circuit law, and  Plaintiff's Title VII race discrimination claim against Coworker should be dismissed for failure to state a claim upon which relief can be granted.[6]

## IV. RECOMMENDATION

Defendant Law Firm's partial motion to dismiss should be **DENIED in part** and **GRANTED in part**, and Plaintiff's wage discrimination claim under the EPA against Law Firm should be **DISMISSED with prejudice** for failure to state a claim.  Both motions to dismiss the Title VII claim against Coworker should be **GRANTED**, and Plaintiff's Title VII race discrimination claim, and any claim under the TCHRA against her should be **DISMISSED with**

---

[6]  Coworker also asserts that any TCHRA claims against her would also be subject to dismissal because the TCHRA does not provide for individual liability.  (doc. 29 at 2 n.1.)  Plaintiff appears to only assert her TCHRA claims against Law Firm.  (doc. 20 at 10-11.)  To the extent she asserts any TCHRA claims against Coworker, they are also subject to dismissal because "individual liability is not available under the TCHRA."  *Vincent v. Coates*, No. Civ.A. 302CV1977N, 2004 WL 1787838, at *3 (N.D. Tex. July 2, 2004) (citing *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App.—Waco 2000, pet. denied)); *see also Desola v. Mednax, Inc.*, No. 4:16-CV-750-A, 2016 WL 5080090, at *1–2 (N.D. Tex. Sept. 16, 2016) (dismissing claims against individual defendants that did not qualify as employers).

**prejudice** for failure to state a claim.

      **SO RECOMMENDED** on this 18th day of April, 2018.


                                 IRMA CARRILLO RAMIREZ
                                 UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


                                 IRMA CARRILLO RAMIREZ
                                 UNITED STATES MAGISTRATE JUDGE