IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BELINDA POWELL, § | | |
|     Plaintiff, § | | |
| vs. § | Civil Action No. 3:17-CV-1726-K-BH | |
| § | | |
| AKIN GUMP STRAUSS HAUER, § | | |
|     Defendant. § | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Before the Court are the *Defendant Akin Gump Strauss Hauer & Feld LLP's Motion to Dismiss, Rule 37 Motion for Sanctions, and Brief in Support*, filed July 24, 2018 (doc. 69), and the plaintiff's *Notice of Voluntary Dismissal*, filed on July 27, 2018 (doc. 71). Based on the relevant filings and applicable law, the plaintiff's notice should be construed as a motion to dismiss her case without prejudice and **GRANTED**. The defendant's motion to dismiss and motion for sanctions should be **DENIED as moot**.

**I. BACKGROUND**

Belinda Powell (Plaintiff) filed this *pro se* action against her former employer, Akin Gump Strauss Hauer Feld LLP (Defendant), alleging employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), wage discrimination under the Equal Pay Act of 1963 (EPA), and state law claims.[1] (*See* docs. 3; 20.)[2] On November 21, 2017, Defendant filed its partial motion to dismiss seeking, in part, dismissal of Plaintiff's EPA wage discrimination claim and her

---

[1] She appears to allege state law claims under the Texas Labor Code for aiding and abetting discrimination, and retaliatory discharge. (doc. 20 at 10-11.)

[2] Plaintiff also sued her former coworker for race discrimination under Title VII and violations of the Texas Labor Code. (*See* doc. 20.) All claims against the coworker have already been dismissed. (*See* docs. 39; 42.)

retaliatory discharge claim under the Texas Labor Code. (docs. 21 at 1-2.)[3] On May 2, 2018, the motion was granted in part, and Plaintiff's wage discrimination claim under the EPA was dismissed with prejudice for failure to state a claim. (*See* docs. 39, 41.)

The deadline for discovery in this case was May 25, 2018, and the deadline for filing dispositive motions was June 22, 2018. (*See* doc. 32.) On May 25, 2018, Defendant filed a motion to compel Plaintiff's appearance at a court-supervised, videotaped deposition. (doc. 49.) On June 22, 2018, the Court granted Defendant's motion in part and ordered that Plaintiff appear for a court-supervised deposition on July 16, 2018, and although she did appear, she refused to participate in the deposition. (docs. 62; 66; 69-3 at 12.)

On July 24, 2018, Defendant filed its motion to dismiss and motion for sanctions, seeking to dismiss Plaintiff's claims with prejudice based on her refusal to sit for her court-supervised deposition; Plaintiff filed her response on January 31, 2019, and Defendant filed its reply on February 4, 2019. (*See* docs. 69, 78-79.)[4] On July 27, 2018, Plaintiff filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i), seeking to voluntarily dismiss her action without prejudice, and Defendant opposed voluntary dismissal in a response filed August 10, 2018. (*See* docs. 71; 74.) The motion and notice are now ripe for recommendation.

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[4] Defendant objects to Plaintiff's response to its motion to dismiss as being untimely. (doc. 79.) It filed its motion on July 24, 2018, and Plaintiff was allowed to file a response by August 14, 2018. (docs. 69-70.) She did not file her response until January 31, 2019. (doc. 78.) Although courts liberally construe the pleadings of a *pro se* plaintiff, *see, e.g., Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam), *pro se* litigants are still required to follow applicable rules of procedure, *see Rolen v. City of Brownfield*, 182 F. App'x 362, 364 (5th Cir. 2006) (per curiam). Nevertheless, courts have discretion to overlook technical noncompliance with procedural rules, especially when there is no prejudice to the opposing party. *Grant v. Cuellar*, 59 F.3d 523, 524–25 (5th Cir. 1995). Defendant does not allege any prejudice will result from consideration of Plaintiff's response. Notably, the response does not address the grounds for dismissal raised in Defendant's motion. (*See* doc. 78.)

## II. ANALYSIS

Plaintiff's *pro se* request to voluntarily dismiss her case is liberally construed as a motion under Fed. R. Civ. P. 41(a)(2). (doc. 71.)[5]

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after a defendant files either an answer or a motion for summary judgment, and if it does not consent to voluntary dismissal, an action may be dismissed on the plaintiff's request only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157, 162 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). The decision whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th. Cir. 1985) (citing *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)). Notwithstanding this discretion, voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor*, 279 F.3d at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). The primary consideration is whether the non-movant would be prejudiced or unfairly affected. *Id.* at 317-18.

### A.   **Prejudice**

Courts have found plain legal prejudice when the plaintiff moved to dismiss the case at a late stage of the proceedings after the parties had exerted significant time and effort, the plaintiff sought to avoid an imminent adverse ruling, or if dismissal would cause the defendant to be stripped of an

---

[5] Although Plaintiff specifically seeks to voluntarily dismiss her case under Fed. R. Civ. P. 41(a)(1)(A)(i), that rule provides that a plaintiff may voluntarily dismiss her action without a court order by filing a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment. Here, Defendant has answered, so Rule 41(a)(1)(A)(i) does not apply. (*See* doc. 22; 72.)

otherwise available defense if the case were to be re-filed. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 162–63; *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). In finding plain legal prejudice, courts have often noted a combination of these factors. *See In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (affirming finding of prejudice based on the size and scope of a multiparty ligation where dismissal without prejudice was requested after trial date had been set for six months, it would require the court to re-align the parties, the re-alignment would almost surely add a different group of subsidiary defendants, the defendants would not be spared the continuing costs of legal defense because other plaintiffs remained, their investment in trial preparation would be wasted, and the other plaintiffs would be disadvantaged); *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (affirming a finding of prejudice where the plaintiff sought dismissal nine months after suit was filed, the parties had filed responsive pleadings, motions to compel, motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing, the plaintiff's case could be construed as having been substantially weakened when the United States declined to intervene, and counsel had been sanctioned by the district court for failure to participate in the discovery process); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir.1991) (affirming finding of prejudice where motion to dismiss was filed after a year had passed since removal of the case, the parties had spent months filing pleadings, attending conferences, and submitting memoranda, and a magistrate judge had issued a recommendation adverse to the moving party's position); *Hartford Acc. & Indem. Co.*, 903 F.2d at 360 (affirming finding of prejudice where dismissal was requested nearly ten months after removal of action, hearings had been conducted on various issues, significant discovery had occurred, a defendant had

already been granted summary judgment, and a jury trial had been set for the remaining defendants); *compare John M. Crawley, L.L.C. v. Trans-Net, Inc.*, 394 F. App'x 76, 79 (5th Cir. 2010) (finding no prejudice where only seven months had elapsed between removal and the motion to dismiss, no dispositive motions had been filed, and depositions had not begun).

Here, Defendant contends that it will be legally prejudiced by a voluntary dismissal without prejudice because the motion comes at an impermissibly late stage in the litigation after it has spent more than $90,000 to defend the action. (doc. 74 at 3.) This action had been pending for over one and half years at the time Plaintiff filed her notice, the parties had filed and responded to several discovery motions, Defendant had filed three motions to dismiss, and the discovery deadline in the scheduling order had elapsed.

Defendant also contends that Plaintiff is seeking voluntary dismissal in order to "avoid the risk of an imminent adverse ruling." (*Id.* at 4.) It notes that it had moved to dismiss and for sanctions based on Plaintiff's refusal to participate in discovery, and that her notice of voluntary dismissal offers no explanation "for why she wishes to dismiss her claims . . . ." (*Id.*; *see* doc. 71.) "The absence of a satisfactory explanation for why a dismissal should be without prejudice has been identified in numerous cases as an important factor bearing on the court's decision whether to grant a motion to dismiss." *Freeny v. Apple Inc.*, No. 2:13-CV-0361-WCB, 2014 WL 4954541, at *2 (E.D. Tex. Oct. 1, 2014). It further notes that in response to an order from the Court regarding her notice of voluntary dismissal, Plaintiff contended that this Court lacks jurisdiction over her, and that she preserves her "rights and claims against Defendant . . . ." (docs. 73 at 2; 74 at 4 n.1.)

Finally, Defendant also argues that Plaintiff's "request to dismiss without prejudice will deprive [it] of a valuable defense to her claims." (doc. 74 at 4.) Specifically, it argues that it will

5

lose its opportunity to seek dismissal with prejudice under Rules 41 and 37. (*Id*. at 5.) Rule 41(b) provides that a defendant may move to dismiss an action or any claim against it if a plaintiff "fails to prosecute or fails to comply with [the federal rules] or a court order . . . ." Fed. R. Civ. P. 41(b). Under Rule 37, a court may dismiss an action or proceeding in whole or in part if a party fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal may be with prejudice under both rules when certain factors are present.[6] *See Wilson v. Wells Fargo Bank, Nat. Ass'n*, No. 3:13-CV-2257-O, 2015 WL 4191300, at *3–5 (N.D. Tex. July 1, 2015) (identifying the factors for dismissal with prejudice and dismissing the action with prejudice under Rule 41(b) or alternatively under Rule 37). Defendant claims that it has expended significant resources in defending this lawsuit, including filing various motions to dismiss and discovery motions. (doc. 74 at 3.) It also argues that it will lose the benefit of its opportunity to seek dismissal because Plaintiff's "attempt to simply withdraw from this Court's jurisdiction without prejudice to refiling will deprive [it] of any remedy for her conduct." (*Id*. at 5.) It further notes that it need not prove that it would succeed on its motion to show prejudice. *See Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990); *Elbaor*, 279 F.3d at 319.

Defendant has demonstrated the existence of all three relevant factors, and that it will suffer plain legal prejudice from a dismissal without prejudice at this stage of the proceedings.

---

[6] Dismissal with prejudice under Rule 41(b) is proper "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Additionally, courts have usually found "at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*. (citations omitted); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006). Rule 37 allows for dismissal as a discovery sanction when several factors are present, including that (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct"; (2) the violation is "attributable to the client instead of the attorney"; (3) the violation "substantially prejudice[s] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)).

**B.     Curative Conditions**

Upon a finding of plain legal prejudice, courts may either deny the motion outright or "craft conditions that will cure the prejudice". *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163 (quoting *Elbaor*, 279 F.3d at 317-18). Curative conditions prevent unfair prejudice to the other side. *Id.*; *see Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 295 n.13 (5th Cir. 2016) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F. 2d 601, 603–05 (5th Cir. 1976)) (recognizing that curative conditions are designed to reduce prejudice and inconvenience for the defendant). Courts have "a great deal of leeway in crafting conditions to dismissal," but "must be careful to craft conditions that are not overbroad." *Elbaor,* 279 F.3d at 320. Dismissal with prejudice is one option. *In re FEMA Trailer Formaldahyde Products Liab. Litig.*, 628 F.3d at 163. One of the curative conditions most often imposed is the assessment of the fees and costs of the dismissed defendant. *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990) (affirming assessment of fees as a curative condition where motion to dismiss was filed on the first day of trial) (citing *LeCompte*, 528 F.2d at 603). Curative conditions should be designed to protect the defendant, not to disadvantage or unduly burden the plaintiff. *LeCompte*, 528 F.2d at 604–05.

Here, Defendant seeks denial of Plaintiff's motion to dismiss her claims without prejudice, which would then require that its pending motion to dismiss her entire case with prejudice on grounds that she refused to sit for her deposition be addressed. (*See* docs. 69; 74 at 3-5.) A dismissal without prejudice would effectively function as a dismissal with prejudice, however, due to the applicable statute of limitations for Plaintiff's remaining federal claim under Title VII.[7] *See*

---

[7] Notably, any state law claims Plaintiff wishes to assert would also be barred by the applicable statute of limitations. *See Williams v. Merck & Co., Inc.*, 381 F. App'x 438, 443 (5th Cir. 2010) (citing Tex. Lab. Code Ann. § 21.202(a)) (stating that the statute of limitations for claims under the Texas Labor Code is 180 days).

7

42 U.S.C. § 2000e-5(f) (requiring Title VII suit to be filed within 90 days of receipt of right to sue letter from EEOC); *see also Carter v. H2R Restaurant Holdings, LLC*, No. 3:16-CV-1554-N-BN, 2018 WL 1801663, at *5 (N.D. Tex. Mar. 15, 2018) (citations omitted) (recognizing that the Fifth Circuit "has treated a dismissal without prejudice as a dismissal with prejudice where, as here, the applicable statutes of limitations probably bar future litigation."), *adopted by*, 2018 WL 1794501 (N.D. Tex. Apr. 16, 2018). Regardless of whether the case is dismissed without prejudice based on Plaintiff's motion or with prejudice based on Defendant's motion, the result would essentially be the same. Denial of Plaintiff's motion to dismiss only to proceed to Defendant's motion to dismiss would not be an efficient use of scarce judicial resources. Accordingly, rather than denying Plaintiff's motion outright, curative conditions should be imposed to prevent unfair prejudice to Defendant.

Defendant alternatively seeks an order directing Plaintiff to pay costs and attorneys' fees prior to dismissing all of her claims. (doc. 74 at 1.) As noted, imposition of costs and fees is often utilized as a curative condition when the motion is not denied outright. *See Mortgage Guar. Ins. Corp.*, 904 F.2d at 300 (citing *LeCompte*, 528 F. 2d at 603). Courts may also condition a plaintiff's refiling of suit on paying costs and fees before refiling. *See Express Working Capital, LLC v. Starving Students, Inc.*, 3:13-CV-3045-O, 2014 WL 11515730, at *2 (N.D. Tex. Mar. 24, 2014) (ordering that the plaintiff had to pay attorney's fees before re-filing his suit as a curative condition). While assessing fees and costs of more than $90,000 would protect Defendant to some extent in this case, it would also unduly burden Plaintiff because, as Defendant noted in its motion to dismiss, "it is unlikely that financial sanctions [would] effectively compel [Plaintiff's] future cooperation, given her current financial status," as she had "not received income or benefits since separation from

8

employment from" Defendant. (docs. 69 at 3; 69-4 at 3.)

Defendant also contends that if dismissal without prejudice is granted, it would lose its opportunity to seek dismissal of Plaintiff's case with prejudice based on her failure to sit for her deposition. (doc. 74 at 4-5.) As noted, although the applicable statutes of limitations would effectively prevent Plaintiff from again pursuing this action against Defendant, if she does re-file and her claims survive preliminary dismissal, she may be required to sit for her deposition and bear the costs of the deposition. "In this way, Defendant[] will not again be subjected to the costs and time expenditures of forcing Plaintiff . . . to comply with [her] discovery obligations," and it will not lose its opportunity to seek dismissal if Plaintiff were to again refuse to comply with her obligations. *Lang v. DirecTV, Inc.*, No. 10-1085 "G"(1), 2012 WL 733866, at *4 (E.D. La. Mar. 6, 2012) (ordering that the plaintiff had to comply with his discovery obligations if he re-filed his suit). Accordingly, dismissal without prejudice under this condition would not strip Defendant of its opportunity to seek dismissal of Plaintiff's case should she re-file, survive preliminary dismissal, and again refuse to sit for her deposition. It is unnecessary to impose any other curative conditions to Plaintiff refiling her suit because as previously stated, the applicable statutes of limitations effectively prevent her from again pursuing her claims.

Under the specific facts and circumstances of this case, dismissal with prejudice is unwarranted, but the curative condition of ordering Plaintiff to sit for her deposition and bear the costs of the deposition should she re-file this suit and survive preliminary dismissal is appropriate. This action should therefore be dismissed without prejudice. *See Lang*, 2012 WL 733866, at *4–5 (ordering the plaintiff to comply with discovery as a condition and dismissing the action without prejudice); *see also Elbaor*, 279 F.3d at 320 (finding that dismissal of case with prejudice was an

9

overbroad curative condition).

## III. RECOMMENDATION

Plaintiff's notice of voluntary dismissal, which has been liberally construed as a motion to dismiss, should be **GRANTED**, the case should be **DISMISSED without prejudice**. Defendant's motion to dismiss and motion for sanctions should be **DENIED as moot**.

**SO RECOMMENDED** on this 25th day of February, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE